IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GARY ROBINSON,** | : | |
| | : | |
| Plaintiff | : | CIVIL NO. 1:CV-08-00932 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **UNITED STATES OF AMERICA,** *et al.*, | : | |
| | : | |
| | : | |
| **Defendants** | : | |

# **M E M O R A N D U M**

Before the court is Plaintiff Gary Robinson's ("Robinson") motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b) challenging the court's order of March 2, 2009 that granted the Defendants' motion to dismiss his *Bivens*[1]-styled complaint pursuant to 28 U.S.C. § 1331. (Doc. 40.) For the reasons that follow, Robinson's motion will be granted.

## **I.    Background**

Robinson, an inmate currently confined at the United States Penitentiary in Tucson, Arizona ("USP-Tucson"), filed a *Bivens*-styled complaint pursuant to 28

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

U.S.C. § 1331 on May 14, 2008, naming as Defendants the United States of America and several Bureau of Prisons ("BOP") officials. (Doc. 1.) In his complaint Robinson generally contended that while he was incarcerated at the United States Penitentiary in Allenwood, Pennsylvania ("USP-Allenwood"), Defendants were deliberately indifferent and negligent with respect to his medical needs, interfered with the proper issuance of prescribed medication, and delayed his access to a dermatologist.

By order dated June 19, 2008, the court directed service of the complaint on Defendants. (Doc. 8.) Defendants filed a motion to dismiss or, in the alternative, for summary judgment, on November 3, 2008, (Doc. 27), and a supporting brief on November 18, 2008, (Doc. 32). Pursuant to M.D. Pa. Local Rule 7.6, Robinson had fifteen (15) days from the service of Defendants' brief to file a brief in opposition to the motion.

On December 8, 2008, the court received a letter from Robinson which it construed as a motion for an extension of time in which to file a brief in opposition to Defendants' motion to dismiss. (Doc. 34.) The court granted Robinson's motion and directed him to file a brief in opposition on or before January 8, 2009. (Doc. 35.) That deadline passed, yet Robinson failed to file any opposition to the motion to

dismiss or to request an extension of time in which to do so. Thus, by order dated January 30, 2009, the court directed Robinson to file a brief in opposition to Defendants' pending motion to dismiss, within fifteen (15) days of the date of the order. (Doc. 37.) The order forewarned Robinson that if he failed to file a brief within the required time, Defendants' motion to dismiss would be deemed unopposed and granted without a merits analysis. *See* M.D. Pa. Local Rule 7.6; *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991). (Doc. 37.)

Robinson failed to file any opposition or request another extension of time in which to do so within the time period required by the court. Consequently, the court granted Defendants' motion to dismiss without a merits analysis on March 2, 2009, and directed the Clerk of Court to close the case. (Doc. 38.)

Robinson has filed the instant motion for reconsideration of the order granting the motion to dismiss, requesting that the court reopen the case. (Doc. 40.) He seeks relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). After careful review, the court will grant the motion.

## II. Discussion

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence.

3

*Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

A party bringing a motion to reconsider under Rule 60 bears a heavy burden. *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991) ("We view Rule 60(b) motions as extraordinary relief which should be granted only where extraordinary justifying circumstances are present") (quotations omitted). Rule 60(b) provides as follows:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reasons that justifies relief.

Fed. R. Civ. P. 60(b). The decision to grant or deny relief pursuant to Rule 60(b) lies in the sound discretion of the trial court guided by accepted legal principles applied in

light of all relevant circumstances. *Ross v. Meagan*, 638 F.2d 646, 648 (3d Cir. 1981).

In the instant motion, Robinson claims that he was unable to timely file a brief in opposition to Defendants' motion to dismiss because he has not had access to a prison law library, and, due to his transfers, he has not had access to inmate legal assistance[2] and has been without his legal property. (Doc. 40.) As a result, Robinson requests that the court reopen his case.

In their response to the motion, Defendants claim that the record shows that Robinson did, in fact, have access to a prison law library, legal assistance, and his legal property, and therefore, the motion should be denied. In support, Defendants have submitted the declaration of Adam J. Ackley, a BOP attorney advisor, which verifies the accuracy of prison records pertaining to Robinson. (Doc. 43-2.) Attached to the declaration are the relevant records, which demonstrate the following with respect to Robinson's efforts to litigate this lawsuit. (*Id.*)

On October 10, 2008, Robinson was transferred to the Metropolitan Detention Center in Brooklyn, New York ("MDC-Brooklyn"). (*Id.* at 4, 7, 10.) At that time, he was placed in the Special Housing Unit ("SHU") on administrative detention pending

---

[2] Robinson avers that he is in need of inmate legal assistance because of his "functional illiterate status." (Doc. 40.)

designation to another BOP facility. (*Id*. at 4.) While housed in the SHU, Robinson would have been able to access the law library by submitting a request to staff member. (*Id*. at 3-4.)

On October 21, 2008, Robinson was transferred from the SHU at MDC-Brooklyn to the regular housing unit in the same facility. (*Id*. at 4.) While housed in that unit, Robinson would have been able to access the law library and other inmates. (*Id*.) Further, Robinson remained in that unit until his transfer to USP-Tucson on March 4, 2009. (*Id*.)

On November 11, 2008, Robinson's property, including three boxes of legal property, was inventoried at USP-Allenwood. (*Id*. at 13-18.) Defendants claim that this property was mailed from USP-Allenwood on that same day; however, the records do not indicate where the property was sent. (*Id*.)

As stated above, on December 8, 2008, the court received a letter from Robinson which it construed as a motion for an extension of time in which to file a brief in opposition to Defendants' motion to dismiss. (Doc. 34.) The court granted Robinson's motion on December 9, 2008, and directed him to file a brief in opposition on or before January 8, 2009. (Doc. 35.) The court received neither an opposing brief nor any other correspondence from Robinson until he filed the instant

motion for reconsideration on April 14, 2009, forty-one (41) days after the court entered an order granting Defendants' motion to dismiss and closing the case. (Doc. 40.) Robinson, however, attaches to the instant motion a copy of a letter to the court dated February 4, 2009, in which he sets forth his circumstances relevant to maintaining his lawsuit. (Doc. 40 at 25-27.) First, he claimed to not have received the December 9, 2008 court order directing him to file an opposing brief until February 3, 2009. (*Id*. at 25-26.) He also claimed that he does not have any of his legal materials because USP-Allenwood officials sent his property to USP-Tucson rather than MDC-Brooklyn. (*Id*. at 26.) Further, he requested that the court grant him an extension of time to respond to the December 9, 2008 court order in order for him to get to USP-Tucson and seek legal assistance once there. (*Id*.) This letter is not on the docket in this case; however, counsel for Defendants claim to have received a copy of this letter addressed to the court on February 9, 2009. (Doc. 43 at 3.) Further, Robinson has attached a status delivery printout from the United States Post Office marking the delivery of an unidentified item to an unknown address in Scranton, Pennsylvania, 18501, at 8:42 a.m. on February 9, 2009. (*Id*. at 29.) In the instant motion, Robinson alleges that this printout marks the delivery of his February 4, 2009 letter to the court at its Scranton location.

7

After reviewing the documents submitted in this case in consideration of the motion for reconsideration, the court finds that extraordinary justifying circumstances are present here to justify relief for Robinson. Specifically, Robinson has demonstrated that, due to his transfers, he was unable to access inmate legal assistance and his legal property for the purposes of responding in a timely fashion to Defendants' motion to dismiss. As a result, in the interests of justice to this *pro se* litigant and in order to prevent a manifest injustice in this case, *see North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.2d 1194, 1218 (3d Cir. 1995), the court will grant Robinson's motion for reconsideration. The Clerk of Court will be directed to vacate the court's order granting Defendants' motion to dismiss and closing this case, and to reopen the case. Further, Robinson will be directed to file a brief in opposition to the motion to dismiss within thirty (30) days of the date of this memorandum and order.

An appropriate order will issue.

                                                   s/Sylvia H. Rambo
                                                   United States District Judge

Dated: July 31, 2009.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**GARY ROBINSON,** :
:
    **Plaintiff** : **CIVIL NO. 1:CV-08-00932**
:
  v. : **(Judge Rambo)**
:
**UNITED STATES OF AMERICA,** :
*et al.*, :
:
    **Defendants** :

# O R D E R

**AND NOW**, this 31st day of July, 2009, upon consideration of Plaintiff's motion for reconsideration (Doc. 40), and for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

    1) The motion for reconsideration (Doc. 40) is **GRANTED**.

    2) The Clerk of Court is directed to **VACATE** the court's order dated March 2, 2009. (Doc. 38.)

    3) The Clerk of Court is further directed to **REOPEN** this case.

    4) Plaintiff shall file a brief in opposition to the pending motion to dismiss (Doc. 27) on or before August 31, 2009.

5) Failure to comply with this order will result in the motion to dismiss being deemed unopposed and this action will be dismissed without a merits analysis.

s/Sylvia H. Rambo<br>
United States District Judge

Dated: July 31, 2009.